IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHISN ILLINOIS
EASTERN DIVISION DISTRICT OF

IN RE: )
) CASE NO. 10 B 19888
Gabriel and Maria Espinosa ) Judge Hon. Schmetterer
) CHAPTER 13
)
_____)
Gabriel and Maria Espinosa )
Plaintiffs, )
)
v. Chase Home Finance LLC ) ADV. NO. 10 AP 01215
)
Defendant. )

Findings of Fact and Conclusions of Law

### FINDINGS OF FACT

**A. The Parties**

1. The Plaintiffs are Gabriel and Maria Espinosa ("Plaintiffs").

2. The Defendant is Chase ("Defendant").

**B. Factual Background**

1. On or about April 30, 2010, Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiffs own the real estate commonly known as 5430 W. Grace Street, Chicago, IL 60641.

3. That Chase Home Finance LLC holds a first mortgage lien on the real property commonly known as 5430 W. Grace Street, Chicago, IL 60641, with a secured claim of $260,225.40 pursuant to the proof of claim filed on May 19, 2010 by Chase Home Finance LLC.

4. The Defendant holds a second mortgage lien on the real property known as 5430 W. Grace Street, Chicago, IL 60641 in the approximate amount of $40,158.50 pursuant

to Plaintiffs' recent second mortgage statement. A proof of claim was not filed for the second mortgage lien.

5. That the Plaintiffs obtained an appraisal of the property on April 30, 2010 indicating the value of 5430 W. Grace Street, Chicago, IL 60641 as $225,000.00.

6. The first mortgage lien of Chase Home Lending LLC is a secured claim based on the mortgage recorded on April 27, 2006 as document number 0611743084 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of Chase is a claim based on the mortgage recorded on November 27, 2006 as document number 0632933122 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 Plan provides the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $350.00 per month.

9. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claims.

10. On June 2, 2010, Plaintiffs issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiffs' property located at 5430 W. Grace Street, Chicago, IL 60641.

11. That on June 2, 2010, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Regular U.S. Mail, postage prepaid to an officer of the Defendant at PO BOX 901039, Fort Worth TX 76101, and 194 Wood Ave. S Iselin, NJ 08830, and also upon the registered agent at 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the appraised value of $225,000.00.

15. The first secured claim of Chase Home Finance LLC in the amount of $260,225.40 exhausts the value and equity in Plaintiffs' residence.

16. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

**A. Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B. Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first secured claim of Chase Home Finance LLC in the amount of $260,837.00 and the second secured claim of Chase in the amount of $40,840.00

5. Chase Home Finance LLC filed a secured proof of claim on May 19, 2010, for the amount of $260,225.40. Said claim is secured by a first mortgage on the Plaintiffs' residence.

6. No proof of claim has been filed for the second Chase claim. The second claim of Chase in the amount of $40,158.50 is second in priority and is based on the figures listed on Plaintiffs' recent mortgage statement.

7. That value of Plaintiffs' residence is $225,000.00.

8. As there is no value or equity to support the second priority lien of Chase, the second Chase claim is not a claim secured at all by a security interest in the Debtor's residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under F. R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtors, and entry of the discharge. *In re Meyer,* 2009 B 20268, Docket Entry 69 (Bankr.N.D.Ill. January 29, 2010).

Dated: 8/27/10

Enter:

United States Bankruptcy Judge

AUG 27 2010

Robert J. Semrad & Associates
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625